NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-462

J. MOE, SEX OFFENDER REGISTRY BOARD NO. 3548

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, J. Moe No. 3548, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB or board) as a level two sex offender.  He contends that the hearing examiner failed to provide adequate consideration of (1) his psychologist's expert opinion and (2) scholarly articles that contend that offense-free time in the community reduces the risk of reoffending.  We agree. Accordingly, we vacate the judgment of the Superior Court and direct that the case be remanded to the board for further proceedings.

Background.  The plaintiff was originally required to register as a sex offender in 2002.  At that time his record included two sex offenses.  The first was a 1986 adjudication of delinquency for indecent assault on a child under fourteen.  The

plaintiff was fifteen years old at the time; the victim was a four year old girl. The hearing examiner found that this offense amounted to rape because digital penetration of the girl's vagina was involved. The second offense was a 1990 conviction for indecent assault and battery of a child under fourteen. This victim was ten years old; the plaintiff was nineteen. He was classified as a level one sex offender.

In 2005, after receiving information that the plaintiff had engaged in sexual misconduct involving another female child, the board notified the plaintiff of his obligation to register as a level three sex offender. The hearing examiner found that this offense, although never prosecuted, occurred in late 2004 when the plaintiff, then thirty-four years old, sexually abused a five year old girl. After the plaintiff failed to comply with a procedural order, he was finally classified as a level three sex offender.

In 2019 the plaintiff requested reclassification. A reclassification hearing was held over three dates in 2021 and 2022. Applying three high-risk factors, twelve risk-elevating factors, and three risk-mitigating factors, and declining to apply two other mitigating factors, the hearing examiner found clear and convincing evidence that the plaintiff posed a moderate risk to reoffend, a moderate degree of danger, and that a public safety interest would be served by Internet

publication, and classified the plaintiff as a level two offender.

Discussion. The plaintiff argues, as he did in the Superior Court, that his classification as a level two sex offender must be vacated because the hearing examiner failed to offer an adequate explanation for rejecting the testimony and report of the plaintiff's expert. The expert, Leonard R. Bard, Ph.D., opined that the plaintiff's thirty-one years without a conviction for a sex offense indicated a low risk to reoffend.

"Where offered by the individual, a hearing examiner must consider testimony 'from a licensed mental health professional that discuss[es] psychological and psychiatric issues, including major mental illness, as they relate to the offender's risk of reoffense.'" Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 135 (2019) (Doe No. 23656), quoting 803 Code Mass. Regs. § 1.33(35) (2016). While the hearing examiner is free to reject the expert's conclusions, the plaintiff is entitled to "careful consideration" of the expert's testimony and an explanation of the examiner's reasons for rejecting it. See Doe No. 23656, supra at 136-137. We agree with the plaintiff that the hearing examiner's explanation was insufficient.

The hearing examiner devoted several pages of his decision to a discussion of his commendable allowance of the plaintiff's

3

motion for expert funds and the content of Bard's opinion. However, he summarily rejected Bard's opinion, primarily because it did not address the issue of dangerousness. This was error -- the very same error identified in Doe No. 23656, 483 Mass. at 135. "That Bard did not focus on 'degree of dangerousness' factors is not disqualifying. An expert need not examine every factor relevant to a fact finder's determination in order to provide helpful testimony." Id. With respect to Bard's focus on the plaintiff's offense-free time in the community, the hearing examiner merely stated that "[he], too, fully considered this under Factor 29 above." The hearing examiner's approach is summarized in a footnote at the end of his discussion of Bard's opinion, where the hearing examiner cites two cases for the proposition that he is required to consider, but not to accept, proffered expert testimony.[1]

The hearing examiner's perfunctory treatment of Bard's opinion does not reflect a careful consideration. The board's brief ably assembles numerous reasons on which the hearing

---

[1] Moreover, the two cases cited are inapt. Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779 (2006), stands for the proposition that the board does not need to introduce expert testimony to support a classification decision. Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594 (2013), reversed a classification decision because the board erroneously failed to consider studies submitted by the petitioner and denied the petitioner's request for expert witness funds.

examiner could have relied to reject Bard's opinion, but those reasons are absent from the hearing examiner's analysis.  The hearing examiner's decision "must show that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex." Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).

The plaintiff further argues that the hearing examiner erred by failing to consider five authoritative scholarly articles submitted by the plaintiff (and on which Bard also relied), which, the plaintiff contends, are not incorporated in the board's regulations regarding offense-free time in the community, factor 29.  See 803 Code Mass. Regs. § 1.33(29) (2016).[2]  A hearing examiner has an obligation to consider "the development of evolving research" offered by the offender in the

---

[2] The plaintiff offered the following studies, four of which postdate the board's most recent regulations:  D.A. Harris, Desistance from Sexual Offending, Current Psychiatry Reports § 23:7, at 2, 5 (2021); R.K Hanson, Long-Term Recidivism Studies Show that Desistance Is the Norm, Criminal Justice & Behavior 45:9, at 1340-1346 (2018); R.K. Hanson, A.J.R. Harris, L. Helmus & D. Thornton, High Risk Sex Offenders May Not Be High Risk Forever, J. Interpersonal Violence (2013); R.K. Hanson, A.J.R Harris, E. Letourneau, L.M. Helmus, & D. Thornton, Reductions in Risk Based on Time Offense Free in the Community:  Once a Sexual Offender, Not Always a Sexual Offender, Psychology, Public Policy, & Law 24(1), at 48-63 (2017); D. Thornton, R.K. Hanson, S.M. Kelley & J.C. Mundt, Estimating Lifetime and Residual Risk for Individuals Who Remain Sexual Offense Free in the Community: Practical Applications, Sexual Abuse 33(1), at 3-33 (2019).

classification hearing, and to evaluate how it may affect existing risk factors. Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 605, 607-608 (2013). See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 774 (2008), quoting Roe v. Attorney Gen., 434 Mass. 418, 430 (2001) ("[i]t is in everyone's best interests . . . that the board work from accurate, up to date, and thorough information").

The hearing examiner's decision does not reflect careful consideration or evaluation of the studies supplied by the plaintiff. To the contrary, the hearing examiner's decision lumped them together and dismissed them as already incorporated in factor 29, stating, "Each article essentially draws the same conclusion -- the longer an offender is living offense free in the community, the lower their risk of re-offense." Here, again, board counsel offers us a thorough and nuanced evaluation of the studies and why their conclusions do not apply to the plaintiff's circumstances. It was incumbent on the hearing examiner to conduct a similar analysis in the first instance.

"A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender

6

Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7). The hearing examiner's failure to offer an adequate explanation for rejecting the plaintiff's expert opinion and scholarly studies was legal error requiring that the classification decision be set aside. However, to the extent the plaintiff claims that a level two classification was not supported by substantial evidence, we disagree. Therefore, we decline to order that the plaintiff be classified as a level one offender.

Conclusion. The judgment of the Superior Court affirming the board's classification decision is vacated, and the matter is remanded to the Superior Court for entry of an order of remand to the board for further proceedings consistent with this decision.

So ordered.

By the Court (Massing, Shin & D'Angelo, JJ.[3]),

Assistant Clerk

Entered: June 14, 2024.

---

[3] The panelists are listed in order of seniority.

7